## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SHAW GROUP INC., a Louisiana corporation<br><br>                    Plaintiff,<br><br>          v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br><br>               Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, The Shaw Group Inc. ("TSGI") brings this action to obtain the benefits to which it is entitled under an insurance policy issued to TSGI by the defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union").  Because National Union has failed to honor its obligations to defend and indemnify TSGI with respect to claims brought against it in litigation commenced in the Ontario, Canada Superior Court of Justice on or about December 20, 2012, captioned *Ian Sansom, et al., v. Shaw Canada L.P., et al.,* No. CV-12-9949-00CL (the "Canada Sansom Litigation"), TSGI seeks to recover money damages on account of National Union's breach of the policy.

## PARTIES

1.      Plaintiff TSGI is a Louisiana corporation that maintains its principal place of business in Baton Rouge, Louisiana.  TSGI, through its operating subsidiaries, is a provider of technology, engineering, procurement, construction, maintenance, fabrication, manufacturing,

consulting, remediation, and facilities management services for government and private sector clients in the power, process, environmental, infrastructure and emergency response markets.

2.      On information and belief, the defendant National Union is a corporation organized under the laws of Pennsylvania with its principal place of business in New York, New York.  On information and belief, National Union is an indirect, wholly-owned subsidiary of American International Group, Inc. ("AIG"), which is a publicly-held corporation.

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000 and the controversy is between citizens of different states.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)(2) and (3), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and National Union is subject to personal jurisdiction in this district.

## THE FLI POLICY

5.      In exchange for the premium due thereunder, National Union issued to TSGI an Employee Benefit Plan Fiduciary Liability Insurance policy, Policy No. 01-932-61-62 (the "FLI Policy"), providing coverage for the **Policy Period** May 31, 2012 to May 31, 2013.

6.      Under the FLI Policy, National Union agreed, with respect to **Claims** first made against an **Insured** during the **Policy Period**, to, *inter alia*, "pay the **Loss** of any **Sponsor Organization** . . . arising from any **Claim** . . . made against such **Sponsor Organization** . . . for any **Wrongful Act** of such **Sponsor Organization** . . . (or of any employee for whom such **Sponsor Organization** is legally responsible) . . .."

7.      The FLI Policy further provides, *inter alia*, that "the **Insurer** shall have both the right and duty to defend any **Claim** against an **Insured** alleging a **Wrongful Act**, even if such **Claim** is groundless, false or fraudulent."

8.      The FLI Policy defines **Insured** to include "any . . .  **Sponsor Organization**."

9.      The FLI Policy's definition of "**Sponsor Organization**," includes "the **Named Sponsor**."  The Declarations of the FLI Policy identify the **Named Sponsor** as TSGI.

10.     The FLI Policy's definition of "**Loss**" includes "settlements" and provides that "[w]here permitted by law, **Loss** shall include punitive, exemplary and multiplied damages imposed upon any **Insured** . . . .  Enforceability of this paragraph shall be governed by the applicable law that most favors coverage for such penalties and punitive, exemplary, and multiplied damages."

11.     The FLI Policy's definition of "**Claim**" includes: "(2) a civil . . . proceeding for monetary, non-monetary or injunctive relief which is commenced by: (i) service of a complaint or similar pleading ...."

12.     The FLI Policy defines "**Wrongful Act**" as: "(1) any actual or alleged violation by an **Insured** of any of the responsibilities, obligations or duties imposed upon fiduciaries by **Employee Benefit Law** with respect to a **Plan**, including . . . any allegation made against an **Insured** solely by reason of his, her or its actual or alleged status as a fiduciary, but only with respect to a **Plan**; (2) any actual or alleged act, error or omission by an **Insured** in the **Administration** of any **Plan**, including . . . any allegation made against an **Insured** solely by reason of his, her or its actual or alleged **Administration** of a **Plan**."

13.     The FLI Policy defines "**Employee Benefit Law**" as: "(1) [the Employee Retirement Income Security Act of 1974, as amended] and any similar common or statutory law anywhere in the world (including, but not limited to . . . the Pension Benefit Standards Act, 1985 of Canada), as amended, and any rules and regulations promulgated thereunder to which a **Plan** is subject ...."

- 3 -

14.     The FLI Policy defines "**Plan**" as any: "pension plan . . . established anywhere in the world, which is sponsored solely by a **Sponsor Organization**, and with respect to a collectively bargained **Plan**, operated jointly by a **Sponsor Organization** and labor organization, in each case solely for the benefit of such **Sponsor Organization**'s current or former employees or **Executives** . . .."  The FLI Policy defines "**Administration**," "with respect to a **Plan**," as, *inter alia*, "determining and calculating benefits."

15.     The **Limit of Liability** for the FLI Policy is $15,000,000 (USD).

16.     The FLI Policy is subject to a self-insured retention of $50,000.

## THE CANADA SANSOM LITIGATION

17.     On or about December 20, 2012, Ian Sansom, Robert Lukas, John McNab and Ed Dorr, proposed representatives of all terminated employees and retirees of Shaw Canada L.P. (the "Sansom Plaintiffs"), commenced class action litigation against Shaw Canada L.P., TSGI, Stone and Webster Canada Holding One (N.S.) ULC, Stone and Webster Canada Holding Two, Inc., Stone and Webster Holding One, Inc., Stone and Webster Holding Two, Inc., J.M. Bernhard, Jr., James Glass, Harvey Vigneault, Thos. E. Capps, James F. Barker, Daniel A. Hoffler, Albert D. McAlister, David W. Hoyle, Steve Allison, Craig Pierce, and Michael J. Mancuso (the "Sansom Defendants") by filing a Statement of Claim in the Ontario Superior Court of Justice.  The action was captioned *Ian Sansom, et al., v. Shaw Canada L.P., et al.,* No. CV-12-9949-00CL (the "Canada Sansom Litigation").

18.     Shaw Canada L.P. ("Shaw Canada") was, prior to the commencement of bankruptcy proceedings in Canada on or about August 31, 2012, an operating subsidiary of TSGI that was part of TSGI's Energy & Chemical Division.  Shaw Canada was a limited partnership, 1% of which was owned by its general partner, Stone & Webster Canada Holding Two, Inc., and

99% of which was owned by its limited partner, Stone and Webster Canada Holding One (N.S.) ULC (together, the "Canadian Holding Companies"). The Canadian Holding Companies were each owned 50% by Stone & Webster Holding One, Inc. and 50% by Stone & Webster Holding Two, Inc. (together, the "Louisiana Holding Companies"), both of which were wholly-owned by TSGI.

19.     Seven of the eleven natural persons named as Sansom Defendants were officers and/or directors of TSGI. Two of the natural person Sansom Defendants were officers and/or directors of Shaw Canada's general partner, Stone & Webster Canada Holding Two, Inc. The remaining two natural person defendants were officers and/or directors of Stone & Webster Holding One, Inc. and Stone & Webster Holding Two, Inc., the Louisiana Holding Companies that were wholly-owned by TSGI.

20.     In their Statement of Claim, the Sansom Plaintiffs sought damages in excess of $40,000,000 (CDN) relating to (1) the allegedly wrongful dismissal of approximately 125 active Shaw Canada employees, and (2) the alleged underfunding of a pension plan for the benefit of Shaw Canada retirees (the Employee Retirement Plan of Stone & Webster Canada, L.P., (CRA registration number 0515908), referred to herein as the "Shaw Canada Plan") in alleged breach of the Sansom Defendants' fiduciary duties and other duties imposed by Canadian law.

21.     The Sansom Plaintiffs alleged that, on August 31, 2012, without prior notice, TSGI directed Shaw Canada to be petitioned into bankruptcy, at which time all Canadian employees were terminated without being paid severance and other amounts owing to them and the Shaw Canada Plan was abandoned in an underfunded state.

22.     The Statement of Claim further alleged that:

     a.  TSGI was the corporate and controlling mind of Shaw Canada and the common employer of the Sansom Plaintiffs at all relevant times;

b. TSGI, along with Shaw Canada, was the sponsor and administrator of the Shaw Canada Plan and owed a fiduciary duty to the members of the Shaw Canada Plan;

c. The Sansom Defendants were liable for the amount of the wind-up deficiency of the Shaw Canada Plan, and all costs associated with its wind-up;

d. The Sansom Defendants conspired to wrongfully dismiss employees of Shaw Canada in breach of an implied contractual undertaking that the employees would not be discharged from employment without reasonable notice in the absence of just cause for termination;

e. The Sansom Defendants were liable to the Sansom Plaintiffs under Canadian common and other law for pay in lieu of notice of termination;

f. The Sansom Defendants were liable for aggravated and punitive damages.

**NOTICE OF THE UNDERLYING CLAIMS AND NATIONAL UNION'S BREACH**

23. On or about December 26, 2012, TSGI notified National Union of the Statement of Claim through its insurance broker.

24. On January 25, 2013, Rafael Droz of AIG Claims, Inc., acting for National Union, sent a letter to A. Steve Allison, VP of Corporate Risk Management for TSGI, acknowledging receipt of notice of a Claim under the FLI Policy and notifying TSGI that Mulande Diga had been assigned as the Claim Analyst handling the matter for National Union.

25. Shortly thereafter, TSGI and National Union exchanged the first of many communications regarding selection of Osler, Hoskin & Harcourt LLP as defense counsel for the Canada Sansom Litigation and the negotiation of a possible settlement resolving the Sansom Plaintiffs' claims.

26. On May 24, 2013, Ms. Diga sent a letter to Mr. Allison advising TSGI of National Union's position regarding coverage for the Canada Sansom Litigation under the FLI Policy.  In the letter, National Union "acknowledge[d] this matter as a Claim as defined in Clause 3 of the Policy."  National Union acknowledged that "[t]here may be coverage for applicable Defense

Costs solely for the following causes of action alleging that (1) the Shaw Group breached its fiduciary duty to the pension plan members by purposefully underfunding the Shaw Plan (2) all defendants acted in a manner oppressive and unfairly prejudicial by their abandonment of the Shaw Plan; and (3) conspiracy by all defendants in the abandonment of the Shaw Plan", but it also took the position that "there is no coverage for any judgments or settlements of the Plaintiff's claim."

27.     On October 3, 2013, TSGI responded to Ms. Diga's May 24, 2013 letter stating, among other things, "[a]s you are aware, we are close to settlement of the claims by former Shaw Canada employees and retirees," and explaining that it remained TSGI's position that a portion of the settlement is covered by the FLI Policy.

28.     On October 9, 2013, the Ontario Superior Court of Justice approved the Settlement Agreement between the parties to the Canada Sansom Litigation, by which TSGI settled all of the Sansom Plaintiffs' claims for $9,400,000 (CDN) (the "Settlement Payment").

29.     In addition to the Settlement Payment, TSGI has incurred substantial defense costs responding to the claims asserted in the Canada Sansom Litigation.

30.     On October 18, 2013, National Union responded to TSGI's October 3 letter stating its position that: (1) "there is no coverage for the settlement in whole or in part"; and (2) National Union "has agreed to pay an allocated portion of the defense costs" respecting "the second cause of action for breach of fiduciary duty," but "only to the extent the allegations relate to breach of fiduciary duty with respect to a Plan."

## CAUSE OF ACTION FOR BREACH OF CONTRACT

31.     TSGI realleges and incorporates herein by reference paragraphs 1-30.

32.     The FLI Policy constitutes a binding contract of insurance.

- 7 -

33.     All premiums due under the FLI Policy have been paid.

34.     TSGI qualifies as a **Sponsor Organization** under the FLI Policy.

35.     As National Union has acknowledged, the Statement of Claim in the Canada Sansom Litigation asserted a **Claim** within the meaning of the FLI Policy, which was first made during the **Policy Period**.

36.     The Statement of Claim alleged liability on the part of TSGI on account of **Wrongful Acts** within the meaning of the FLI Policy, allegedly committed by TSGI.

37.     TSGI promptly notified National Union of the Statement of Claim during the Policy Period.

38.     TSGI has satisfied all conditions necessary to invoke National Union's obligations to defend TSGI against the claims asserted in the Canada Sansom Litigation and to indemnify TSGI, insofar as the Settlement Payment is attributable to **Loss** within the meaning of the FLI Policy.

39.     National Union has expressly disclaimed any obligation to (1) indemnify TSGI, in whole or in part, for the Settlement Payment, and (2) pay more than an allocated share of TSGI's defense costs.

40.     National Union has not paid any of the defense costs incurred by TSGI in connection with the Canada Sansom Litigation.

41.     As a consequence of the foregoing, National Union has breached its duty to defend TSGI against the claims asserted in the Canada Sansom Litigation and its duty to indemnify TSGI for the portion of its Loss arising from such claims that is covered under the FLI Policy.

42.     As a result of National Union's breach of its obligations, TSGI has suffered substantial damages.

## RELIEF REQUESTED

WHEREFORE, TSGI requests that this Court:

(a)     Enter judgment in amount equal to the damages TSGI has incurred as a result of National Union's breaches of its obligations under the FLI Policy with respect to the Claims asserted in the Canada Sansom Litigation, plus interest;

(b)     Award TSGI its costs, expenses, and attorneys' fees; and

(c)     Grant such other and further relief as may be just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated:  June 30, 2014

Respectfully submitted,

THE SHAW GROUP INC.

By its attorneys,

OF COUNSEL:

Martin C. Pentz
*Pro hac vice application forthcoming*
Creighton K. Page
*Pro hac vice application forthcoming*
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA  02210-2600
Phone: 617-832-1000
Fax: 617-832-7000
Email: mpentz@foleyhoag.com
        cpage@foleyhoag.com

/s/ *David O'Quinn*                       
David O'Quinn
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Phone: 504-310-2100
Fax: 504-310-2101
Email: doquinn@irwinllc.com